POLSTON, J., dissenting.
The Third District Court of Appeal's decision in Vargas v. Gutierrez , 176 So.3d 315 (Fla. 3d DCA 2015), does not expressly and directly conflict with the decisions alleged by the Gutierrezes. Therefore, this Court does not have the constitutional authority to review this case, and I respectfully dissent.
Specifically, the Third District's decision in Vargas does not conflict with the Fourth District's decision in Cantore v. West Boca Medical Center, Inc. , 174 So.3d 1114 (Fla. 4th DCA 2015). As the majority recognizes, the Third District's decision in Vargas analyzed whether disputed testimony from multiple physicians should be considered *631 treating physician testimony or whether the testimony constituted expert witness testimony that violated the trial court's pretrial ruling that "[e]ach party is limited to one (1) retained expert per specialty." Majority op. at 620. Ultimately, the Third District held that the testimony from the four physicians was expert witness testimony that unfairly prejudiced Dr. Vargas. Vargas , 176 So.3d at 322. In contrast, the Fourth District in Cantore , 174 So.3d at 1119, held that the physician's testimony in that case was not prohibited by this Court's decision in Saunders v. Dickens , 151 So.3d 434, 442 (Fla. 2014), because the specific physician was not a "subsequent treating physician," which was at issue in Saunders , but was instead a "co-treating physician, and thus his role squarely exceeded that of a subsequent treating physician." In other words, Vargas analyzed the difference between treating physician testimony and expert physician testimony, whereas Cantore analyzed the difference between subsequent treating physician testimony and co-treating physician testimony. Because these are two different legal issues, the two decisions do not conflict.
Accordingly, I respectfully dissent.